IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**In re:**

**R.E.X., INC.,**                                                                                 Case No. 20-30290
                                                                                                              Chapter 11
      **Debtor.**

### DEBTOR'S APPLICATION TO EMPLOY SPECIAL COUNSEL STEVEN COOK

Comes now the above-named Debtor, R.E.X., Inc., and applies for authority to employ Steven Cook as Special Counsel for Debtor in this case. In support hereof, the Debtor respectfully states:

1. The Debtor filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on July 27, 2020.

2. The Debtor desires and has agreed to employ Steven Cook as Special counsel to represent him in connection with certain legal matters and/or proceedings outside Bankruptcy Court.

3. Specifically, Debtor is primarily engaged in the business of leasing commercial space to various tenants as a commercial "landlord", and presently, certain tenants who are under leases with Debtor are in arrearages to Debtor for the payment of valuable sums of rent due and owing, including:

    a.) Mountain Grown, LLC, entered into a lease with Debtor for a term of 3 years with Debtor and is currently in arrearages to debtor for unpaid rent in an amount of approximately $25,000.00 and further said tenant has or has attempted to vacate the leased premises and disavow the remaining terms of the lease in question:

    b.) Outback Steakhouse currently leases property owned by debtor and under an agreement between Debtor and its main creditor, Community Trust Bank, said tenant is to pay

rent to said creditor towards partial satisfaction of the monthly payments owed to said creditor by Debtor. According to recent information provided to Debtor from said Creditor bank, this tenant failed to make its monthly rental payments in the monthly amount of approximately $13,000.00 for the months of January, February and March, 2020.

c.) Certain other tenants of Debtor may be delinquent to Debtor for significant sums of money due for rental payments under applicable leases, and Debtor may wish special counsel to pursue said sums from said other tenants.

4. Debtor would like to employ special counsel to pursue any amounts due and owing to said Debtor the aforementioned tenants and/or any tenant of Debtor that is indebted to Debtor for significant sums, and the requested Special Counsel is experienced in such matters and is able to effectively pursue any sums due and owing Debtor via negotiation and/or the filing of litigation in the appropriate State Court.

5. In addition to the above, principals of Debtor, Rex and Barbara Donahue, are currently involved in Arbitration of certain claims advanced by said principals of Debtor against Creditor MVB Bank, Inc. (formerly First State Bank). Further, said Arbitration also involves claims advanced by said Creditor against said principals of Debtor. Initially, Debtor R.E.X., Inc. was named as a party to said Arbitration, but after the filing of the Debtor's Bankruptcy Petition they were dismissed by the Creditor from the Arbitration. Principals of Debtor, Rex and Barbara Donahue, have also advanced certain FDIC Claims against creditor MVB Bank, Inc. and/or its predecessor First State Bank. In the event that any claim advanced in the aforementioned Arbitration and/or FDIC claims file by principles of Debtor against Creditor MVB Bank, Inc. and/or its predecessor in interest, First State Bank, directly involve Debtor R.E.X., Inc. to potential liability and/or entitle said Debtor to any monetary award that could benefit said

Debtor, its Creditors and/or the Bankruptcy Estate, Debtor would request that Special Counsel requested herein represent its interests in the same.

6. Counsel does not hold or represent any interest adverse to the estate, has not agreed to share compensation in violation of 11 U.S.C Section 504 and is a disinterested person within meaning of U.S.C., Section 101 (14) and is not in any way related to or connected with the United States Trustee, its employees or staff.

7. The professional services to be rendered include:

a.) Review leases between Debtor and its delinquent tenants; make demands to said tenants and negotiate the payment of any amounts owed to Debtor; and in the event said tenants will not pay the amounts due and owing Debtor to initiate State Court litigation against said tenants to secure judgment of amounts due and owing Debtor.

b.) To investigate Debtor's direct involvement in and/or entitlement to any relief requested by principals of Debtor in any currently pending arbitration and/or FDIC Claim against Creditor MVB Bank, Inc. and/or its predecessor in interest, First State Bank, and any exposure of Debtor to any claims advanced against said principals of Debtor by said Creditor, and to the extent Debtor R.E.X., Inc., is deemed to be entitled to any such relief from the aforementioned claims and/or to the extend Debtor R.E.X, Inc., is deemed to exposed to any liability for any such claims, to represent Debtor's interest in such claims and/or proceedings. It is expressly understood by Debtor and counsel sought to be employed herein, that said Counsel and Debtor will be required to explicitly exhibit how any work performed in the aforementioned arbitration and/or FDIC claims involving Creditor MVB Bank, Inc. and/or its predecessor First State Bank directly relate to and/or impact Debtor R.E.X., Inc., and not simply principals of said Debtor and/or other non-Debtor entities owned by said Principals for any such fee paid by Debtor to said

counsel to be deemed appropriate.

8. Debtor requests the authority to employ said special counsel for the matters contemplated herein for an hourly rate of $250.00 per hour. Further, Debtor requests the authority to pay to said special counsel an initial retainer amount of $2,000.00 for each tenant deemed to be in arrearages to Debtor, and said special counsel shall utilize any such retainer for his work in review of leases, attempts to facilitate the payment of the amounts due and owing to Debtor by any such tenant, and should the same be necessary to file suit in the appropriate State Court against any such tenant.

8. the terms of the engagement between Debtor and Special Counsel shall be pursuant to the provisions of Bankruptcy Code 327 and counsel shall be reimbursed for his reasonable costs and expenses.

WHEREFORE, the Debtor respectfully requests that the Court approve the employment of Steven Cook as Special counsel for the Debtor in accordance with the description of representation herein.

R.E.X., Inc.

By Counsel

Presented by:

/s/ Joseph W. Caldwell
Joseph W. Caldwell, Esquire
WV Bar No. 0586
CALDWELL & RIFFEE, PLLC
P.O. Box 4427
Charleston, WV 25364
Phone: (304) 925-2100
joecaldwell@frontier.com
Counsel for Debtor

/s/ Matthew M. Johnson
Matthew M. Johnson, Esquire
WV Bar No. 10206
CALDWELL & RIFFEE, PLLC
P.O. Box 4427
Charleston, WV 25364
Phone: (304) 925-2100
mjohnson@caldwellandriffee..com
Counsel for Debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

In re:

R.E.X., INC.,    Case No. 20-30290
    Chapter 11
    Debtor.

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the attached **DEBTOR'S APPLICATION TO EMPLOY SPECIAL COUNSEL** was served electronically upon the following: ustpregion04.ct.ecf@usdoj.gov - Office of the U.S. Trustee on this 5th day of November, 2020.

/s/ Joseph W. Caldwell
Joseph W. Caldwell

/s/ Matthew M. Johnson
Matthew M. Johnson